### INTERNATIONAL POSTAL SUPPLY CO. v. GROTH et al.

(Circuit Court, S. D. New York. September 15, 1893.)

PATENTS FOR INVENTIONS—INFRINGEMENT—STAMPING MACHINE.

Letters patent Nos. 341,380 and 388,366, for mail-stamping apparatus, consisting of a bolt or rollers carrying the mail matter, a piece at a time, under or opposite to the face of a stamp out of its path, and against a supporting bed, to be caught momentarily by fingers which are moved forward by it, forming an electric connection which moves the stamp against, and stamps, the piece, and releases it, to be carried along again by the carrier to a receptacle, are infringed by an apparatus which draws to the place of stamping by pneumatic tubes, where each piece, when still, releases a constantly moving stamp, giving it a longer motion by becoming a barrier to the motion of an arm, and shunting a detent, whereby the stamp is brought against it, and it is thereby stamped, and left to be carried along by the carrier to a receptacle; the whole arrangement of the patented invention being new, and the whole machine being covered by the letters patent, which are infringed by the taking of any substantial part of the machine.

In Equity. Bill by the International Postal Supply Company against William Groth and others to enjoin the defendants from infringing letters patent Nos. 341,380 and 388,366. Decree for plaintiff.

George W. Hey, for plaintiff.
Rowland Cox, for defendants.

WHEELER, District Judge. This suit is brought upon patents 341,380, dated May 4, 1886, and 388,366, dated August 21, 1888, and granted to George W. Hey and Emil Laass, for mail-stamping ap

paratus, consisting of a bolt or rollers carrying the mail matter, a piece at a time, under or opposite to the face of a stamp out of its path, and against a supporting bed, to be caught momentarily by fingers which are moved forward by it, forming an electric connection which moves the stamp against, and stamps, the piece, and releases it, to be carried along again by the carrier to a receptacle. The stamp does not move otherwise. The claims relied upon in 341,380 are:

"(2) An automatic marking or stamping apparatus, comprising a bed for supporting the article to be marked, a marking stamp supported opposite said bed, an actuating barrier or selecting feeler, arranged to be encountered by the article passing over said bed, and transmitting motion to the marking stamp, substantially as set forth." "(4) In combination with a letter supporting bed, a carrier for moving the letter over the bed, a stamp or marker, and a mechanical engaging finger to engage the moving letter, and transmit motion to the stamp or marker, substantially as described."

And in 388,366 are:

"(1) In a machine for stamping or marking mail matter, the combination, with the supporting feed bed, of a stamp normally out of the path of movement of the mail matter, and a stamp tripper or releaser normally in said path." "(3) In a machine for marking or stamping mail matter, the combination, with the supporting feed bed, of a stamp normally out of the path of the movement of the mail matter, and a stamp tipper or releaser normally in said path, and opposite the letter bed, substantially as specified."

The defendants' apparatus draws the matter to the place of stamping by pneumatic tubes, where each piece, when still, releases a constantly moving stamp, giving it longer motion by becoming a barrier to the motion of an arm, and shunting a detent, whereby the stamp is brought against it, and it is thereby stamped, and left to be carried along by the carrier to a receptacle.

The principal question made is whether the defendants infringe. If the patents were for that part of the machine moving the stamp only, the defendants would not infringe, for their contrivances for this purpose are entirely different. Railway Co. v. Sayles, 97 U. S. 554. But if they cover the whole machine they are not avoided by making some of its parts differently. Machine Co. v. Lancaster, 129 U. S. 263, 9 Sup. Ct. Rep. 299. The exclusive right is as extensive as the patented invention, and is infringed by the taking of any substantial part of it. Nothing existing before the applications narrowed this field for invention. The whole arrangement was new, and was patented. The parts covered by these claims, other than the mechanism for moving the stamp, are all found in the same relation, and do the same things in substantially the same way, in the defendants' as in the patented machine, and in each the piece to be stamped brings the stamp to place,—in the patented machine, by moving it from at rest; in the defendants', by extending its motion. In each the stamp is out of the path of, and inoperative without the presence of, the piece; the object being to prevent inking the bed, and smearing the opposite side of the piece. The arm in the defendants' machine is the feeler, finger, tripper, or releaser, as variously called, of these claims; and, as the defendants' machine has all the other elements of the claims, it embodies the patented invention.

It may have improvements upon the patented machine. If so, it has also the theory and parts of it improved upon, and still appears to be substantially the same. Therefore, it appears to infringe.

Let a decree be entered for the plaintiff.